**Loretta E. STANA, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 2001.
Decided Feb. 19, 2002.

Falco A. Muscante, Pittsburgh, for petitioner.

Carol J. Mowery, Harrisburg, for respondent.

Before: PELLEGRINI, Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

FRIEDMAN, Judge.

Loretta E. Stana (Claimant) petitions for review of an April 3, 2001 order of the Unemployment Compensation Board of Review (UCBR) affirming a referee's decision that Claimant's petition for appeal was untimely under section 501(e) of the Unemployment Compensation Law[1] (the Law). We vacate and remand for additional findings of fact.

Claimant filed a claim for unemployment compensation benefits in October 2000.

On October 24, 2000, the Department of Labor and Industry (Department) issued a notice of financial determination stating that Claimant had sixteen credit weeks and, therefore, was qualified for a maximum of sixteen weeks of unemployment compensation.[2] The notice also stated that, if Claimant desired to appeal the determination, she had until November 8, 2000 to do so.[3] (R.R. at 1a.) Claimant filed a petition for appeal of this determination on January 11, 2001, well after the fifteen day statutory appeal period had expired.

On February 22, 2001, a hearing was held before a referee on the issue of timeliness, at which only Claimant appeared and testified. At this hearing, Claimant supplied testimony to explain why her appeal was late. According to Claimant, her original claim for unemployment benefits was denied on the basis that she did not have enough credit weeks to qualify for any benefits at all. (R.R. at 12a.) The October 24, 2000 notice was issued only after Claimant took her pay stubs to a local unemployment benefit claim office and a staff employee made some sort of correction in the computer. (R.R. at 12a–13a.)

By the time Claimant received the October 24, 2000 notice, however, Claimant had come to believe that she was entitled to receive up to twenty-six weeks of benefits.[4] Claimant testified that she returned to the local claim office sometime in late October

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 821(e).

2. A credit week is defined as "any calendar week in an individual's base year with respect to which [that individual] was paid in employment as defined in [the Law], remuneration of not less than fifty dollars ($50)." Section 4(g.1) of the Law, *added by* Act of July 10, 1980, P.L. 521, *as amended,* 43 P.S. § 753(g.1). Section 404(c) of the Law, 43 P.S. § 804(c), provides that an employee who has sixteen or seventeen credit weeks may receive up to sixteen weeks of benefit pay-

ments, whereas an employee who has eighteen or more credit weeks may receive up to twenty-six weeks of benefits.

3. Under section 501(e) of the Law, 43 P.S. § 821(e), a Department notice is final unless an appeal is taken within the fifteen day period after proper notification has been given to the parties.

4. Claimant testified that she worked for H & R Block from January 3, 2000 until April 18, 2000, and for the Census Bureau from May 1, 2000 until May 30, 2000. (R.R. at 12a–13a.)

2000, where a claim representative told her that she "should have enough credit weeks to receive twenty-six weeks of compensation." (R.R. at 13a.) Claimant asserts that she then left the office, believing that the problem was settled and no further action was necessary on her part. (R.R. at 13a.) In January 2001, however, Claimant received a notice stating that she only had four weeks of benefits remaining. Claimant immediately wrote a letter of appeal, dated January 11, 2001. (R.R. at 13a.)

At the conclusion of the hearing on this matter, the referee found that Claimant "was not misinformed nor in any way misled regarding the right of appeal," (Referee's Findings of Fact, No. 5), and dismissed Claimant's petition for appeal as untimely. The UCBR affirmed without taking additional evidence or making any additional findings.

■■■ Claimant now petitions this court for review [5] of the UCBR's order, arguing that the UCBR should have allowed her appeal *nunc pro tunc.* However, we believe that the referee's findings, adopted by the UCBR,[6] are insufficient for this court to exercise meaningful review of the UCBR's order.

■■■ Under the Law, failure to file an appeal within fifteen days ordinarily mandates dismissal of the appeal unless there

is some adequate excuse for the late filing. *United States Postal Service v. Unemployment Compensation Board of Review,* 152 Pa.Cmwlth. 603, 620 A.2d 572 (1993). However, a showing of fraud or breakdown in the administrative process may justify an appeal *nunc pro tunc. Id.* Negligence on the part of an administrative official may be deemed the equivalent of fraud. *Branch v. Workmen's Compensation Appeal Board,* 38 Pa.Cmwlth. 374, 393 A.2d 55 (1978). Furthermore, "where a person is unintentionally misled by an officer who is authorized to act in the premises, courts will relieve an innocent party of injury consequent on such misleading act, where it is possible to do so." *Layton v. Unemployment Compensation Board of Review,* 156 Pa.Super. 225, 40 A.2d 125, 125 (1944).

Claimant's testimony, if believed by the factfinder, may well be sufficient to establish that her appeal should be allowed *nunc pro tunc.* If the claims representative led Claimant to believe the problem had already been resolved, Claimant could hardly be expected to stand there and insist on filing a formal, written appeal.[7] This is especially true if, indeed, the claims office had corrected a similar error for Claimant in the past.

Unfortunately, the referee's findings contain no credibility determination or oth-

---

5. Claimant, as the burdened party, was the only party to testify and yet did not prevail before the factfinder; thus, our review is limited to determining whether the factfinder capriciously disregarded competent evidence, whether there was a constitutional violation or an error of law. *Blackwell v. Unemployment Compensation Board of Review,* 124 Pa. Cmwlth. 9, 555 A.2d 279 (1989).

6. The UCBR is the ultimate fact-finding body, empowered to resolve conflicts in evidence, and to assess the credibility of witnesses. *Unemployment Compensation Board of Review v. Wright,* 21 Pa.Cmwlth. 637, 347 A.2d 328 (1975).

7. We note that the notice of financial determination includes the following appeal instructions: "There are three ways to file an appeal: by mail, by FAX or in person at a local Job Center office. Regardless of the method you choose, your request for appeal must include a statement specifically requesting an appeal of this determination, the reason you disagree with the determination, your Social Security Number, and your signature." (R.R. at 2a.) Given that one of the ways to file an appeal is to appear in person at a local job center, Claimant arguably attempted to file an appeal when she visited the office the second time, but that attempt was thwarted when the claims representative led her to believe that no appeal was necessary.

er finding with regard to Claimant's excuse for her untimely appeal. Instead, the referee simply found that Claimant was not misinformed or misled about her *right* to appeal; neither he nor the UCBR made any findings on whether Claimant was misled about the *necessity* of filing a formal, written appeal in the particular circumstances of this case. We therefore believe that a remand is in order so that the UCBR can make additional findings and credibility determinations relating to the exchange Claimant asserts took place between her and the claims office representative and the reasons for Claimant's delayed filing of her appeal. Only when those critical findings have been made, can it be determined whether Claimant's appeal should be allowed *nunc pro tunc.*

For the above reasons, we remand this case to the UCBR for additional findings of fact and further proceedings consistent with this opinion.

## ORDER

AND NOW, this 19th day of February, 2002, the order of the Unemployment Compensation Board of Review (UCBR), dated April 3, 2001 is hereby vacated, and the case is remanded to the UCBR for additional findings of fact and further proceedings consistent with this opinion.

Jurisdiction relinquished.

PELLEGRINI, Judge.

I respectfully dissent from the majority's holding that the Referee's findings which were adopted by the Unemployment Compensation Board of Review (Board) were not sufficient for this court to exercise meaningful review of the Board's order denying Loretta E. Stana's (Claimant) appeal as untimely.

On October 1, 2000, Claimant filed a claim for unemployment compensation benefits. On October 24, 2000, the Department of Labor & Industry issued a notice of financial determination granting Claimant unemployment compensation benefits for a maximum of 16 weeks. The notice also stated that if Claimant wished to appeal the determination, she had until November 8, 2000, to do so. Claimant then appealed that determination on January 11, 2001.

Before the Referee, Claimant testified that she failed to timely file her appeal because based on a conversation with an employee at the job center, she believed that she was entitled to receive up to 26 weeks of benefits based on her work at H & R Block and the Census Bureau. She stated that when she received the October 24, 2000 notice limiting her to 16 weeks of unemployment benefits, she spoke with a woman at the job center who told her that she should have enough credit weeks to receive 26 weeks of benefits. Based on that conversation, Claimant stated she believed that the correction was made and that she would receive 26 weeks of benefits until January 11, 2001, when she was notified that she would only receive four more weeks of benefits.

Finding that Claimant was neither misinformed nor in any way misled regarding the right of appeal, the Referee dismissed Claimant's appeal as untimely. Adopting the Referee's findings, the Board affirmed the dismissal of Claimant's appeal.

Concluding that there were insufficient findings to review the matter, the majority remands the matter to the Board to make a credibility finding, stating:

Unfortunately, the referee's findings contained no credibility determination or other finding with regard to Claimant's excuse for her untimely appeal. Instead, the referee simply found that Claimant was not misinformed or misled about her *right* to appeal; neither he nor the UCBR made any findings on whether Claimant was misled about the

*necessity* of filing a formal, written appeal in the particular circumstances of this case. (Emphasis in original.)

(Opin. at 1271.) Implicit, however, in the Referee's finding, which the Board adopted, that Claimant was not misinformed nor in any way misled regarding her right of appeal, was a credibility determination. Because Claimant was not misinformed or misled regarding her right of appeal, there was no basis to extend the period of the appeal. Accordingly, I would affirm the Board's decision and respectfully dissent.