# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Hickey,                          :
                  Petitioner       :
                               :
          v.                          :   No. 1731 C.D. 2016
                               :   Submitted: February 17, 2017
Unemployment Compensation               :
Board of Review,                          :
                Respondent       :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: May 4, 2017**

Barbara A. Hickey (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to dismiss her appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1] Claimant did not address the timeliness issue in her brief. Discerning no error below, we affirm.

The Department of Labor and Industry (Department) mailed a Notice of Determination (Determination) to Claimant at her last known address. The Determination, dated April 27, 2016, informed Claimant that she was disqualified from receiving unemployment compensation (UC) benefits. Referee's Dec., 7/8/16, Finding of Fact (F.F.) Nos. 1-2. It stated Claimant had 15 days from the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §821(e). Section 501(e) pertains to the appeal of the Department's initial determination.

mailing date to file an appeal. F.F. No. 3. Thus, the appeal deadline was May 12, 2016; however, Claimant did not appeal until June 17, 2016. F.F. No. 5. There is no indication Claimant was misinformed regarding the timing or necessity for her to appeal. F.F. No. 6.

Claimant received the notice of hearing as to the untimeliness of her appeal under Section 501 of the Law, 43 P.S. §821(e), at the same address to which the Department sent the Determination.

A referee held a hearing where claims examiner Roseann Schiavo (Claims Examiner) testified on behalf of the Department via telephone, and Claimant testified on her own behalf. Before taking testimony, the referee explained the hearing pertained only to the timeliness issue, and that the merits would be heard,[2] if necessary, in a separate hearing

Claimant testified she never received the Determination in the mail. She confirmed the Department used her correct mailing address, and that she received other correspondence at that address. The first document she received pertained to an overpayment on June 16, 2016. It was only when she received that overpayment notice that she realized there was a question as to her eligibility. At that time, she contacted the Department. Although she acknowledged that the overpayment notice stated the final date to appeal was May 12, 2016, Claimant maintained she received it a few weeks before the hearing.

---

[2] The merits, as to whether Claimant was engaged in self-employment or received an overpayment, are not before us.

Claimant testified she had no reason or explanation as to why she would not have received mail sent to her correct address. Referee's Hr'g, 7/7/16, Notes of Testimony (N.T.) at 6. After Claimant conceded she read the UC handbook, the referee noted it should have alerted her as to when to expect a determination.

Concluding Claimant was ineligible under Section 501(e) of the Law, the referee dismissed her appeal as untimely. Specifically, the referee found:

> 2. A copy of [the Determination] was mailed to [C]laimant's last known post office address on [April 27, 2016].
>
> 3. The [Determination] was not returned by the postal authorities as being undeliverable.
>
> ****
>
> 6. [C]laimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

Referee's Dec., F.F. Nos. 2-3, 6. Claimant appealed to the Board, requesting a remand hearing.

In addition to adopting the referee's findings, the Board specifically "[did] not find credible [C]laimant's assertion that she was not in receipt of the [D]etermination mailed to her correct address on April 27, 2016." Bd. Op., 9/9/16, at 1. The Board also denied Claimant's request for a remand for additional testimony.

3

Claimant filed a petition for review to this Court.[3] Claimant does not argue the timeliness issue, nor proffer grounds to permit an untimely appeal. Rather, her uncounseled brief focuses on the merits of her claim for UC benefits. According to her recitation of events, she received an overpayment determination on June 16, 2016, and "immediately contacted my [local service center] and was advised that a [D]etermination was sent to me via regular U.S. mail on 4/27/16." Pet'r's Br. at 11. She filed her appeal the next day.

> Section 501(e) of the Law provides, in relevant part:
>
> Unless the claimant ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department ... within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be ... denied in accordance therewith.

43 P.S. §821(e) (emphasis added). "The requirement that an appeal be filed within 15 days is jurisdictional, precluding either the Board or a referee from further considering the matter." Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995) (citation omitted). The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

---

[3] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

The Board may consider an untimely appeal in limited circumstances. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008); Unemployment Comp. Bd. of Review v. Hart, 348 A.2d 497 (Pa. Cmwlth. 1975). A claimant's burden to establish the right to have her untimely appeal considered is heavy because the Law establishes a mandatory time limit for appeals. Roman-Hutchinson v. Unemployment Comp. Bd. of Review, 972 A.2d 1286 (Pa. Cmwlth. 2009).

A petitioner may satisfy this heavy burden in one of two ways. Hessou. First, she can show administrative breakdown or that she received misleading information as to her right to appeal or the necessity of filing an appeal.[4] Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Greene v. Unemployment Comp. Bd. of Review, __ A.3d __ (Pa. Cmwlth., No. 2750 C.D. 2015, filed March 10, 2017) (denying relief as alleged breakdown did not involve appeal rights). Second, she can show non-negligent conduct beyond her control caused the delay. Cook; Hessou. "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." Hessou, 942 A.2d at 198 (quoting United States Postal Serv. v. Unemployment Comp. Bd. of Review, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)). A "claimant's testimony, if believed by the fact-finder, may be sufficient to allow an appeal *nunc pro tunc*." Greene, __ A.3d at __ (emphasis added) (citing Stana v. Unemployment Comp. Bd. of Review, 791 A.2d 1269 (Pa. Cmwlth. 2002)).

---

[4] "Necessity-of-appeal type cases involve statements or actions suggesting that an appeal is not allowed, an appeal could wait, or further corrective action is unnecessary." Greene v. Unemployment Comp. Bd. of Review, __ A.3d __, __ (Pa. Cmwlth., No. 2750 C.D. 2015, filed March 10, 2017) (citations omitted).

Here, Claimant did not offer any excuse for her late filing other than her purported non-receipt of the Determination. Claimant offered no evidence to support her claim of non-receipt other than her testimony. Significantly, the Board did not credit her testimony.

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in the evidence, witness credibility, and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Unchallenged findings are conclusive on appeal. Munski v. Unemployment Comp. Bd. of Review, 29 A.3d 133 (Pa. Cmwlth. 2011).

The Board adopted the referee's findings, and it also found Claimant was not credible when she testified she did not receive the Determination. Bd. Op. at 1. Such credibility determinations are beyond our review on appeal. Ductmate.

Further, Claimant did not challenge any of the findings, including the finding that the Determination was mailed to her at her last known address. F.F. No. 2. Moreover, Claimant testified she received mail at the address to which the Department mailed the Determination, and that she did not experience any problems with receiving her mail. N.T. at 5.

In addition to the mailing date contained on the Determination, the Department presented testimony of Claims Examiner who issued the Determination. She testified that she mailed the Determination to Claimant's last

6

known address. She also confirmed that none of the documents sent to Claimant's address were returned by postal authorities. N.T. at 7.

Mail sent to a claimant's last known address, which is not returned as undeliverable, may be presumed received under the mailbox rule. Cf. Douglas v. Unemployment Comp. Bd. of Review, 151 A.3d 1188 (Pa. Cmwlth. 2016) (claimant challenged finding as to mailing of determination as not supported by substantial evidence, and that fact-finder erred in not crediting her testimony as to non-receipt); see also 34 Pa. Code §101.53.

Claimant did not rebut the presumption that the properly-addressed Determination reached her in due course of mail.[5] Therefore, and for the foregoing reasons, we affirm the Board.

ROBERT SIMPSON, Judge

---

[5] The circumstances here are distinguishable from those in our recent decision Douglas v. Unemployment Compensation Board of Review, 151 A.3d 1188 (Pa. Cmwlth. 2016) (vacating and remanding to the Board with instructions to remand to the referee to receive testimony from the local service center as to the mailing of the notice). There, the claimant not only testified "that she did not receive the Notice of Determination, [she] also contend[ed] that the notice was *not mailed*. Id. at 1192 (italics in original). Additionally, in Douglas, the claimant challenged specific findings as unsupported by substantial evidence.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Hickey, : 
                Petitioner : 
                        : 
          v. :   No. 1731 C.D. 2016
                        : 
Unemployment Compensation : 
Board of Review, : 
             Respondent : 

## O R D E R

**AND NOW**, this 4th day of May, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is **AFFIRMED**.

 

                                _____

                                ROBERT SIMPSON, Judge