IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dione Pitsikoulis,       :
     Petitioner   :
            :
 v.          : No. 535 C.D. 2021
            :
Unemployment Compensation  :
Board of Review,      :
     Respondent : Submitted: September 30, 2022

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER         FILED: December 19, 2022

  Dione Pitsikoulis (Claimant) petitions for review, *pro se*, of the April 5, 2021 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e), because she filed her appeal more than 15 days after the Department of Labor and Industry (Department) issued its determination.[1]  We affirm the Board's Order.

---

  [1] At the time Claimant received the Department's determination, Section 501(e) of the Law provided:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the [D]epartment, with

**(Footnote continued on next page…)**

**Background**

On October 21, 2020, the Department mailed to Claimant's last known post office address a Notice of Determination (Notice), notifying Claimant that she was liable for a non-fault overpayment of unemployment compensation (UC) benefits under Section 804(b)(1) of the Law, 43 P.S. § 874(b)(1).[2]  Bd.'s Finding of Fact (F.F.) Nos. 1, 2.  The Notice was not returned by the postal authorities as undeliverable.  *Id.* No. 3.[3]

The Notice also informed Claimant that she had 15 days from the date of the Notice to file an appeal if she disagreed with the determination.  *Id.* No. 4.  The last day on which a valid appeal could be filed was November 5, 2020, but Claimant did not file an appeal by that date.  *Id.* Nos. 4, 5.  Rather, the Department received

---

respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

*Id.*  We note, however, that the General Assembly extended the appeal period in Section 501(e) of the Law from 15 days to 21 days pursuant to the Act of June 30, 2021, P.L. 173.  This change took effect on July 24, 2021.

[2] Section 804(b)(1) of the Law provides in relevant part:

Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

43 P.S. § 874(b)(1).

[3] The Notice stated that Claimant had "received a total of $14[,]508 [in UC benefits] to which [she was] not entitled."  Record (R.) Item No 5.  The Notice further stated:  "This is a non[-]fault overpayment because[] you [were] determined [to be] ineligible [for UC benefits under] Section 402(h) [of the Law, 43 P.S. § 802(h),] for a side[]line business and it was determined an error."  *Id.* (capitalization omitted).

Claimant's appeal on November 24, 2020. *Id.* No. 7. The envelope containing the appeal did not include a postmark, a certified mail receipt, a Postal Form 3817, or a postage meter mark. *Id.* No. 6. Claimant was neither misinformed nor misled regarding the right of appeal or the need to appeal. *Id.* No. 8.

Following Claimant's appeal, the Referee held a telephone hearing on January 12, 2021. Claimant, appearing *pro se*, testified on her own behalf. With regard to the timeliness of her appeal, Claimant testified as follows:

> [T]he reason why it's so untimely, it's not that I didn't send it out. I've been doing this whatever possible way to get in touch with [u]nemployment since January. . . . [S]o I'm saying is the reason why you might not have gotten it, because you didn't get it, just like the three other letters I sent. Why wouldn't I send it? I've been fighting this since January, or even December. So yes, I did it. . . . [I]t's . . . [u]nemployment's responsibility if they didn't receive it, or the U[nited] S[tates] [P]ostal [Service].

Notes of Testimony (N.T.), 1/12/21, at 9. The Referee noted that the Department received her appeal on November 24, 2020, and asked Claimant if she recalled when she mailed her appeal. Claimant replied, "That's what I see here. I would've put it in, trust me. . . . Why would I not send in . . . my [a]ppeal?" *Id.* at 10. Claimant then offered testimony regarding the merits of her underlying UC claim. *Id.* at 11-16.

Later in the hearing, the Referee again asked Claimant if she recalled when she mailed her appeal. Claimant replied: "I sent it at that date, and I explained to you I sent many letters that [were] never received, so I'm sure . . . I sent it way before. I'm sure I sent it out as soon as I got the letter." *Id.* at 17-18. She testified further:

> I didn't wait a month to send it out. I'm sure I sent out the letter and you didn't receive it. . . . I can't remember exactly, but as soon as I get

a letter I send it.  And there ha[ve] been many, many occasions that I sent information that they said they never received.

. . . .

So it's a problem.  That seems to be a recurring problem with [u]nemployent not receiving things that they are . . . ask[ing] me for.

*Id.* at 18.

Following the hearing, the Referee dismissed Claimant's appeal as untimely, concluding as follows:

> [T]he copy of the envelope contained in the record [in which] [C]laimant mailed the appeal[] does not contain a postmark, certified mail receipt, Postal Form 3817, or postage meter mark to establish the date of mailing.  Additionally, *[C]laimant was unable to provide any credible testimony to establish the date of mailing*.  As such, the Referee is constrained to conclude that [C]laimant filed the appeal late on November 24, 2020, which was the date that the Department received said appeal.

Ref.'s Order, 1/21/21, at 2 (emphasis added).  The Referee explained that because the timeliness provisions of the Law "are mandatory," he had "no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period." *Id.*

Claimant appealed to the Board, which adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's decision.  The Board also made the following additional findings and conclusions:

> Claimant has failed to establish that she filed a timely appeal or that she is entitled to an appeal *nunc pro tunc*.  *She did not recall when she received the Department's determination(s), and thus has not established any type of administrative breakdown in mailing or mail delivery.  Moreover, the mailing envelope for her appeal does not contain a legible postmark.  Under the Board's regulations, the date of receipt is used as the date of filing in that circumstance.*  34 Pa. Code § 101.82(b)(1)(iii).

4

[C]laimant also cannot shift the blame for her late filing onto the [United States] Postal Service. Rather, in *Quinn v. Unemployment Comp[ensation] B[oard] of Review* [(No. 1238 C.D. 2014, Pa. Cmwlth., filed Jan. 23, 2015) (unreported memorandum)], the [Commonwealth C]ourt rejected a claimant's argument that she "should not be penalized for the failure of postal authorities to postmark her appeal envelope." Similarly, in *Eom v. Unemployment Comp[ensation] B[oard] of Review* [(No. 350 C.D. 2016, Pa. Cmwlth., filed Jan. 31, 2017) (unreported memorandum)], the [Commonwealth C]ourt reiterated that "delivery issues with mail are foreseeable," and that "the failure to anticipate potential delays in the mail was not a non-negligent circumstance that warranted *nunc pro tunc* relief." *The Petition for [A]ppeal, which [C]laimant completed, also informed her of her options to submit her appeal online or by fax. Consequently, the Referee correctly determined that her appeal was untimely filed.*

Bd.'s Order, 4/5/21, at 1 (emphasis added). Claimant now petitions this Court for review.[4]

## **Analysis**

The sole issue before this Court is whether Claimant filed a timely appeal from the Department's Notice, as that was the basis of both the Referee's and the Board's decisions.

Preliminarily, however, we must address whether Claimant has preserved the timeliness issue for appellate review. Although Claimant perfunctorily mentions her late appeal in the introductory sections of her brief, she does not discuss the timeliness issue in any detail in the body of her brief. Instead, Claimant simply asserts that she should not have had to file an appeal in the first instance, without providing any justification as to why she failed to appeal within the 15-day deadline.

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

*See* Claimant's Br. at 8 ("The[ Board] denied me for not getting the documents there on time for an appeal that I should never have had to do."); *id.* at 7 ("I should never have had to send in an appeal had the [Department] d[one] its job properly."). Claimant does not explain why her appeal was filed late, nor does she argue any applicable exception. Because Claimant fails to address or develop any argument on the only issue before this Court, we conclude that she has waived the issue. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue."); *Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Arguments not properly developed in a brief will be deemed waived by this Court."); Pa.R.A.P. 2119(a).

Even if Claimant had not waived the timeliness issue, however, we would nonetheless conclude that the Board properly dismissed her appeal. It is well settled that the failure to file a timely appeal is a jurisdictional defect and the 15-day appeal period may not be extended as a matter of grace or indulgence. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). To justify a late appeal, the claimant bears "an extremely heavy burden" to demonstrate that the delay resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances beyond the claimant's control. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018).

Moreover, with regard to appeals filed by mail, the Board's regulations provide, in pertinent part:

A party may file a written appeal by any of the following methods:

(1) *United States mail. The filing date will be determined as follows*:

> (i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (Certificate of Mailing) or a United States Postal Service certified mail receipt.

> (ii) If there is no official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal Service certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.

> (iii) *If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it receives the appeal*.

34 Pa. Code § 101.82(b)(1) (emphasis added).

Here, the Department's Notice informed Claimant that she had 15 days from the date of that determination, or until November 5, 2020, to file a timely appeal, but Claimant did not file an appeal by that date. Bd.'s F.F. Nos. 3-5. The Department did not receive Claimant's appeal until November 24, 2020. *Id.* No. 7; R. Item No. 7. The envelope containing Claimant's appeal did not bear a legible postage meter mark, nor did the appeal include a certified mail receipt or a Postal Form 3817. Bd.'s F.F. No. 6; R. Item No. 7. Under these circumstances, and pursuant to the Board's regulations, the Department correctly deemed the filing date as the date it received Claimant's appeal, which was 19 days beyond the appeal deadline. *See* 34 Pa. Code § 101.82(b)(1)(iii).

At the hearing, Claimant testified only that she was "sure" she mailed the appeal "way before" November 24, 2020 and that any delay in receipt was the fault of either the Department or the United States Postal Service. N.T., 1/12/21, at 17-

18. However, the Board specifically rejected her testimony on this issue, finding that "[C]laimant was unable to provide any credible testimony to establish the date of mailing." Ref.'s Order, 1/12/21, at 2; Bd.'s Order, 4/5/21, at 1; *see Stana v. Unemployment Comp. Bd. of Rev.*, 791 A.2d 1269, 1271 n.6 ("The [Board] is the ultimate fact-finding body, empowered to resolve conflicts in evidence, and to assess the credibility of witnesses."). The Board also found, based on the evidence of record, that Claimant was neither misinformed nor misled regarding the right of appeal or the need to appeal. Bd.'s F.F. No. 8. Therefore, we conclude that the Board properly dismissed Claimant's appeal as untimely under Section 501(e) of the Law.

## Conclusion

In sum, we conclude that: (1) Claimant's appeal was untimely filed, and (2) she failed to credibly demonstrate that her delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances. Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dione Pitsikoulis,              :
            Petitioner    :
                      :
      v.               :  No. 535 C.D. 2021
                      :
Unemployment Compensation  :
Board of Review,          :
            Respondent  :

# O R D E R

AND NOW, this 19th day of December, 2022, the Order of the Unemployment Compensation Board of Review, dated April 5, 2021, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge