IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Martino, : 
                Petitioner : 
                 : 
      v. :  Nos. 691-695 C.D. 2023
                 : 
Unemployment Compensation : 
Board of Review, : 
                Respondent :  Submitted: August 9, 2024

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                   FILED: September 4, 2024

Stacey Martino (Claimant) petitions for review, *pro se*, of five Orders of the Unemployment Compensation Board of Review (Board), entered on June 8, 2023, dismissing Claimant's appeals as untimely under Section 501(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). We affirm the Board's Orders.

## **Background**

On February 12, 2021, the Department of Labor and Industry (Department) issued a Notice of Determination denying pandemic emergency unemployment compensation (PEUC) benefits to Claimant under Section 2107 of the Coronavirus Aid, Relief, and Economic Security Act of 2020, 15 U.S.C. § 9025, because she had remaining eligibility for regular unemployment compensation (UC) based on a prior UC claim. Bd.'s Finding of Fact (F.F.) No. 1.

On February 12, 2021, the Department issued a Notice of Determination assessing a non-fraud internal overpayment of PEUC benefits against Claimant in the amount of $1,813 for claim weeks ending November 14, 2020, through December 26, 2020. Because the overpayment was internal, that amount was applied to Claimant's UC eligibility. *Id.* No. 2.

On February 12, 2021, the Department issued a Notice of Determination assessing a non-fraud overpayment of PEUC against Claimant in the amount $308, which was the difference between the PEUC payment and her UC eligibility for claim weeks ending November 14, 2020, through December 26, 2020. *Id.* No. 3.

The final date to appeal from each of the Department's Notices was March 1, 2021. *Id.* No. 4; Suppl. Record (R.) Item No. 1. The Notices informed Claimant of the March 1, 2021 appeal deadline. Bd.'s F.F. No. 6; Suppl. R. Item No. 1. The Department mailed the Notices to Claimant's last known post office address, and they were not returned to the Department as undeliverable. Bd.'s F.F. No. 5.

Claimant appealed from the three Notices on January 4, 2022. *Id.* No. 7. Claimant was neither misinformed nor misled regarding the right to appeal, the necessity to appeal, or the appeal process. *Id.* No. 8.

The Referee held a telephone hearing on September 26, 2022, at which Claimant appeared *pro se* and testified. Thereafter, the Referee dismissed Claimant's appeals as untimely under Section 501(e) of the Law. Although the Referee credited Claimant's testimony regarding her late appeals, the Referee ultimately concluded:

> [C]laimant appeared at the hearing in this matter to explain why her appeals were filed nearly eight (8) months late.[1] Unfortunately,

---

[1] Although the Referee stated that Claimant's appeals were filed 8 months late, they were actually filed 10 months after the March 1, 2021 appeal deadline.

*[C]laimant did not provide reasons to the Referee that would allow the Referee to grant nunc pro tunc relief to have the . . . appeals heard on the merits, and the Referee is constrained by the law to dismiss the . . . appeals as untimely pursuant to . . . Section 501(e) of the . . . Law.*

Ref.'s Order, 9/27/22, at 4 (emphasis added). The Referee further noted that he did "not reach the merits of [C]laimant's appeals . . . , although [he] did take extensive testimony on the merits of [C]laimant's appeals at the hearing." *Id.*

Claimant appealed to the Board, which issued three Orders affirming the Referee's decisions and dismissing Claimant's appeals as untimely. In its Orders, which included identical language, the Board concluded as follows:

*[T]he final date to appeal the Department's determinations was March 1, 2021. [C]laimant filed an appeal on January 4, 2022, which was after the expiration of the statutory appeal period. [C]laimant could not recall whether or not she received the determinations regarding her ineligibility for PEUC based on continuing eligibility for regular UC.* Instead, [C]laimant's appeal and testimony focused on her eligibility based on her separation from Sedwick [Claims Management (Employer)]. Therefore, *[C]laimant has not carried her heavy burden of proving good cause for her late appeal.*

On appeal to the Board, [C]laimant asserts that she filed a timely appeal on February 24, 2022, following a letter from the Department dated February 21, 2022. It appears [that C]laimant is referring to a request for information from the Department regarding [C]laimant's separation from employment with [Employer] and [C]laimant's questionnaire which she returned. However, *this occurred after the January 4, 2022, appeal was filed and [the] Referee later found [C]laimant eligible for benefits based on this separation in a decision dated May 6, 2022. It illustrates, however, that [C]laimant is less concerned with her eligibility for PEUC and more concerned with her eligibility following her separation from employment. Thus, the Board does not credit [C]laimant to the extent she alleged she did not receive the Department's determinations.*

3

The provisions of [Section 501(e)] of the Law are mandatory; the [Board] and its referees have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. *The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct.* Therefore, the Referee properly dismissed [C]laimant's petitions for appeal.

Bd.'s Order, 6/8/23, at 2 (emphasis added). The Board also issued separate Orders dismissing two duplicative appeals that had been improvidently docketed at the Referee level.[2] Claimant now petitions this Court for review.[3]

---

[2] These two Orders stated in pertinent part:

WHEREAS, on January 4, 2022, [C]laimant filed an appeal, which the Department processed as an appeal from the above three [Notices] as well as from two duplicate notifications generated by the conversion of the new UC Claims System (docketed at 2022058844-RO and 2022058847-RO); and

WHEREAS, in a decision dated September 27, 2022, the Referee dismissed [C]laimant's appeals to the above three [Notices] as well as the duplicate notifications as untimely; and

WHEREAS, on September 27, 2022, [C]laimant filed an appeal from the Referee's decision; and

WHEREAS, the duplicate notifications are not appealable determinations; therefore, the Department erred in processing [C]laimant's appeal as an appeal to them.

Bd.'s Order, 6/8/23, at 1-2. Claimant does not specifically challenge these dismissal Orders in her appellate brief.

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

## Analysis

On appeal, Claimant asserts that both the Referee and Board erred in concluding that her appeals were untimely because she faxed her appeals on February 24, 2021, which was within the 15-day appeal period. We disagree.

At the time of the Department's Notices in this case, Section 501(e) of the Law, *former* 43 P.S. § 821(e), provided that an aggrieved party had 15 days to appeal from a Department determination.[4] This Court has held that if an aggrieved party does not file an appeal within 15 days of the mailing date of the determination, the decision becomes final, and the Referee lacks jurisdiction to consider the merits of the appeal. *See Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). An appeal filed even one day after the appeal deadline is untimely. *Id.* at 198; *see DiBello v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018).

The Referee may consider an untimely appeal only in extraordinary circumstances. *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009). An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by fraud, a breakdown in the administrative process, or non-negligent circumstances related to the claimant, his attorney, or a third party. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996). However, "the [claimant] bears a heavy burden to justify an untimely appeal." *Roman-Hutchinson*, 972 A.2d at 1288 n.1.

---

[4] In 2021, the General Assembly amended Section 501 of the Law to extend the appeal period from 15 days to 21 days; however, the amendment did not become effective until July 24, 2021, five months after the Department issued its Notices in this case. Thus, the former 15-day deadline applied to Claimant's appeals.

Here, Claimant contends that she faxed her appeal to the Referee before the appeal deadline, asserting:

> [B]oth parties were sent the copy of the fax transmission for 2/24/21 that shows that the appeal was sent **within the time frame** required. The fax was sent to the fax number (570) 562-4385 for Scranton [UC Service] Center in Taylor, PA. There was no email on the letter to send the appeal to. [Claimant] felt [that] since there was no issue with the fax[,] she did not mail in the appeal.

Claimant's Br. at 6 (emphasis in original). She further asserts that the "[f]ax transmission was complete and went through with no errors or signal problems." *Id.* at 8.

Section 101.82(b)(3)(iii) of the Department's regulations specifically governs appeals filed by fax and provides: "A fax transmission is timely filed *if it is received by the Department appeal office*, workforce investment office[,] or Board *before midnight on the last day of the appeal period*." 34 Pa. Code § 101.82(b)(3)(iii) (emphasis added). Critically, that regulation also provides that "[a] party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document *and accepts the risk that the appeal may not be properly or timely filed*." 34 Pa. Code § 101.82(b)(3)(ii) (emphasis added). Here, the record contains no evidence of a faxed appeal in February 2021. Rather, Claimant testified that she filed her appeals by email on January 4, 2022. Notes of Testimony (N.T.), 9/26/22, at 6-7.

At the hearing before the Referee, Claimant indicated that she might have received the Department's "determination letter . . . past the time" for filing an appeal, but then stated: "I can't prove that I received or didn't receive any [Department] letters." *Id.* at 23. In any event, the Board specifically rejected her testimony on this issue. *See* Bd.'s Order, 6/8/23, at 2 ("[T]he Board does not credit

[C]laimant to the extent she alleged she did not receive the Department's determinations."); *see also Stana v. Unemployment Comp. Bd. of Rev.*, 791 A.2d 1269, 1271 n.6 ("The [Board] is the ultimate fact-finding body, empowered to resolve conflicts in evidence, and to assess the credibility of witnesses."). The Board also found, based on the evidence of record, that Claimant was neither misinformed nor misled regarding the right of appeal or the need to appeal. Bd.'s F.F. No. 8.

In her appeals to the Board, Claimant attached documentation in an attempt to prove that she filed a timely appeal by fax on February 24, 2021. Before this Court, however, Claimant admits that she "did not have the fax transmission on hand at the time of the [hearing before] the Referee," noting that she "did send the copy to the Board." Claimant's Br. at 11. Claimant also appends this documentation to her appellate brief. *See id.*, Ex. C.

We conclude that the Board properly did not consider the additional evidence Claimant submitted with her appeals. Section 504 of the Law provides that the Board "may affirm, modify, or reverse the determination . . . of the [D]epartment or [the R]eferee *on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence*." 43 P.S. § 824 (emphasis added); *see* 34 Pa. Code § 101.106 ("[T]he Board may review both the facts and the law pertinent to the issues involved on the basis of the evidence previously submitted, or direct the taking of additional testimony."); *see also Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2018) ("[*T*]*he Board may not consider evidence that was not presented to the* [*R*]*eferee* in rendering its decision.") (emphasis added). Here, the Board did not direct the taking of additional evidence; therefore, it was limited to determining Claimant's appeals based on "the evidence previously submitted" to the Referee. 43 P.S. § 824. Consequently, this Court, like the Board,

cannot consider Claimant's additional evidence on appeal. *See Hollingsworth*, 189 A.3d 1113.

## Conclusion

The record shows, and the Board found, that Claimant filed her appeals on January 4, 2022, 10 months after the 15-day filing deadline. N.T., 9/26/22, at 6-7, 23; Bd.'s F.F. No. 7. The Board also found that Claimant's late appeals were not caused by fraud, a breakdown in the appellate system, or non-negligent conduct. Bd.'s Order, 6/8/23, at 2. Therefore, we conclude that the Board properly dismissed Claimant's appeals as untimely under Section 501(e) of the Law.

Accordingly, we affirm the Board's Orders.

_____
ELLEN CEISLER, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stacey Martino,                         :
           Petitioner          :
                               :
      v.                        :   Nos. 691-695 C.D. 2023
                               :
Unemployment Compensation               :
Board of Review,                        :
           Respondent          :

## **O R D E R**

AND NOW, this 4th day of September, 2024, the Orders of the Unemployment Compensation Board of Review in the above-captioned matters, dated June 8, 2023, are hereby AFFIRMED.

 

                                           
ELLEN CEISLER, Judge