620 A.2d 572

**UNITED STATES POSTAL SERVICE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1992.

Decided Jan. 13, 1993.

Reargument Denied March 11, 1993.

604

Arthur S. Kramer, for petitioner.

David B. Washington, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

The United States Postal Service (Employer) petitions for review of the order of the Unemployment Compensation Board of Review (Board) sustaining the referee's decision that Employer's appeal was untimely under Section 502 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S.

§ 822. The issue raised for review is whether the referee failed to send the notice of determination to Employer's last known post office address, thereby providing a basis for Employer to file an appeal nunc pro tunc. For the following reasons, the Board's order is reversed.

In June 1991, Employer discharged Marion Schaeffer (Claimant) from its Mars, Pennsylvania, branch post office for discarding deliverable mail. The Bureau of Unemployment Compensation Benefits and Allowances denied Claimant's request for benefits based on its determination that Claimant was terminated for willful misconduct. At the hearing before the referee, Robert Rutkosky, Associate Office Coordinator for the Erie, Pennsylvania, General Mail Facility, entered his appearance as representative for Employer, submitted his business card which contained his address in Erie, and established that he would be acting as an advocate only and not as a witness.[1]

The referee's decision granting benefits was mailed on July 9, 1991 to Employer at the Mars post office. However, the notice contained an incorrect zip code and, due to subsequent processing and re-routing, it was finally delivered to the Mars post office on July 16, 1991. The referee did not send a copy of the determination to Rutkosky in Erie. On July 23, 1991, Rutkosky telephoned the Mars post office and learned from postmaster Rocco D'Angelo that the decision had been sent there. D'Angelo immediately forwarded to Rutkosky a copy of the decision, which Rutkosky received on July 24, 1991, the last day on which to file an appeal. On July 26, 1991, Rutkosky mailed an appeal letter, which the Board received on Monday, July 29, 1991. On August 1, 1991, the Board ruled that the appeal had been untimely filed, but offered Employer an opportunity to show why the appeal should be deemed timely. After a hearing before the referee, the Board

1. Although the Board contends that the record does not reflect whether Rutkosky gave the referee his business card, Claimant corroborated that he presented his card and introduced himself as the advocate for the Postal Service. *See* November 19, 1991 letter of Claimant.

sustained the finding of untimeliness and denied Employer's subsequent request for reconsideration.[2]

Section 501(e) of the Law, 43 P.S. § 821(e), provides, inter alia, that a party must appeal a determination within fifteen calendar days after such notice was delivered to that party personally or was mailed to his or her last known post office address. The appeal provisions of the Law are mandatory: failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal. *Effort Foundry, Inc. v. Unemployment Compensation Board of Review,* 52 Pa.Commonwealth Ct. 356, 415 A.2d 1263 (1980). A showing of fraud or breakdown in the administrative process may justify an appeal nunc pro tunc. *Friends Hospital v. Department of Public Welfare,* 122 Pa.Commonwealth Ct. 150, 551 A.2d 640 (1988). Further, an untimely appeal may be allowed where the untimeliness is not the result of the petitioner's negligence. *Walker v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 116, 461 A.2d 346 (1983).

Employer first submits that Rutkosky's statement and actions before the referee should have been recognized as a notice of appearance. This Court agrees. Rutkosky clearly established his position as advocate and representative for Employer and although previous correspondence in the matter had been directed to the Mars address, Rutkosky's appearance before the referee and submission of his business card were actions which adequately apprised the referee of an address for mailing the notice of determination to Employer. *See Bayshore v. Jackson,* 223 Pa.Superior Ct. 568, 302 A.2d 438 (1973).[3] Employer having established at the beginning of

2. This Court's scope of review in unemployment compensation cases is limited to determining whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Chamoun v. Unemployment Compensation Board of Review,* 116 Pa.Commonwealth Ct. 499, 542 A.2d 207 (1988).

3. The Board contends that Rutkosky was not an authorized agent to whom a copy of the decision of the tribunal shall be mailed. 34 Pa.Code § 101.89. While the term "authorized agent" was not specifi-

the hearing an address to which notice of determination should have been mailed, it is readily apparent that there was a breakdown in the unemployment compensation system operations.

■ The notice of determination was never mailed to the last known post office address provided by Rutkosky. That Rutkosky learned of the adverse decision from D'Angelo the day before expiration of the appeal period is irrelevant to this Court's decision because the notice was not mailed to the last known post office address as required by Section 501 of the Law. Furthermore, this Court is unwilling to hold that such "notice" would have allowed Rutkosky adequate time in which to file an appeal. Thus, the mailing of the appeal on January 26, 1991, two days after Rutkosky received a copy of the decision from D'Angelo, does not rise to the level of petitioner negligence required to defeat an appeal nunc pro tunc.

The Board's position assumes that Employer had actual notice by receipt of the referee's decision eight days before the end of the appeal period. Such an assumption is inherently flawed since 34 Pa.Code § 101.89 requires that a copy of the referee's decision be sent not only to the parties, but to their counsel or authorized agent. The Board argues that mailing a notice of decision to the location of a claimant's last place of employment is sufficient even if the employer had requested that it be mailed elsewhere, citing *Graul Unemployment Compensation Case*, 159 Pa.Superior Ct. 549, 49 A.2d 281 (1946). *Graul*, however, is readily distinguishable. The employer asserted that its last known post office address was its home office in Detroit, Michigan, rather than its retail store in Reading, Pennsylvania, where claimant worked. The employ-

cally used at the hearing, it is clear that such was Rutkosky's position, and the Board's contention in this regard has no merit.

The Board also notes that the regulations do not define "authorized agent," and suggests that "in common parlance it applies to union representatives, tax consultants and the like who are non-employees of a party (e.g., Employer) and who frequently represent such parties before the agency." Respondent's Brief, pp. 10–11. However, the Board provides no authority for this view and this Court believes that such a limited interpretation of the regulation is contrary to its plain meaning.

er relied on a sticker on its letterhead directing that all correspondence be sent to the Detroit address and not to the retail store but this direction appeared several months after the hearing and the time for taking an appeal, rendering the referee's notice in compliance with the Law.

In the matter sub judice, Rutkosky gave notice of the change of address to the agency at the commencement of the hearing and prior to issuance of the referee's decision. The Board's order is consequently reversed and this case is remanded for a hearing on the merits of Employer's appeal from the referee's decision.

## ORDER

AND NOW, this 13th day of January, 1993, the order of the Unemployment Compensation Board of Review is reversed and this case is remanded to the Board to require a hearing on the merits of the United States Postal Service's appeal.

Jurisdiction relinquished.