# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Howard P. Greenawalt,        :
           Petitioner     :
                              :
       v.            :    No. 788 C.D. 2015
                              :    Submitted: November 6, 2015
Unemployment Compensation   :
Board of Review,           :
           Respondent   :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: December 14, 2015**

      Howard P. Greenawalt (Claimant), representing himself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's dismissal of his appeal from four notices of determination (notices) as untimely pursuant to Section 501(e) of the Unemployment Compensation Law[1] (Law). Claimant admits his wife received the notices at his primary residence and informed him the notices arrived as he was working out-of-state at that time. However, Claimant assumed the notices were issued in error because he had not filed for unemployment compensation (UC) benefits in Pennsylvania for several years. Upon review, we affirm.

---

      [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §821(e).

On December 19, 2014, the Department of Labor and Industry (Department) issued Claimant four notices establishing a fault overpayment and imposing penalties.[2] Copies of the notices were mailed to Claimant at his last known post office address on the same date. All of the notices informed Claimant that the final day to timely appeal was January 5, 2015. Claimant's wife received the notices because Claimant was in Nebraska.

Claimant filed his appeal by mail, but the envelope containing his appeal did not bear an official United States Postal Service (USPS) postmark, USPS Form 3817, or a USPS certified mail receipt or postage meter mark. The Department recorded the appeal as received on February 10, 2015, the date the local UC service center stamped the appeal as received.

A referee held a hearing solely on the issue of the timeliness of Claimant's appeal. Only Claimant testified at the hearing.[3] After the hearing, the

[2] The first notice determined Claimant was ineligible for UC benefits for the claim week ending May 21, 2011, because he reported zero earnings, when, in fact, he had earnings of $1,000. The second notice determined Claimant was ineligible for UC benefits for the claim week ending September 24, 2011, because he reported zero earnings, when, in fact, he had earnings of $384. The third notice established a fault overpayment under Section 804(a) of the Law, 43 P.S. §874(a), based on Claimant's failure to report his earnings for these two claim weeks. The fourth notice established a 15% penalty under Sections 801(b) and (c) of the Law, 43 P.S. §871 (b), (c), based on Claimant's knowing failure to disclose his earnings for these two claim weeks. All four notices were mailed on December 19, 2014. Certified Record at Item #4. All four notices stated "[t]he final day to timely appeal [these] determination[s] is Jan 05, 2015." Id. Additionally, all four notices stated: "If you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above. …" Id.

[3] Because the testimony presented at the referee's hearing was limited to the timeliness of Claimant's appeal, the referee did not receive Claimant's testimony regarding the merits of his appeal.

referee issued a decision dismissing Claimant's appeal as untimely under Section 501(e) of the Law.

Claimant appealed, and the Board issued a decision and order affirming the referee. The Board found that Claimant's appeal was untimely and there was no evidence that Claimant was misinformed or misled by the UC authorities regarding his right or the necessity to appeal. In particular, the Board explained:

> Section 501(e) of the [Law] provides that a determination shall become final and compensation shall be paid or denied in accordance therewith unless an appeal is filed within fifteen (15) days after the date of said determination. An appeal to the [UC] authorities is timely if it is filed on or before the last day to appeal. In this case, the appeal was filed by stamped receipt date on February 10, 2015, which was after the expiration of the statutory appeal period.
>
> The Board's Regulations at § 101.82 provide that if the envelope containing an appeal does not bear an official [USPS] postmark, [USPS] Form 3817, or a [USPS] certified mail receipt, or postage meter mark, the filing date will be determined by the date recorded by the Department when the appeal was received.
>
> While [C]laimant testified that his appeal was mailed prior to the appeal deadline, absent documentary evidence to support his testimony, the Board does not find [C]laimant's testimony to be credible. [C]laimant has not credibly established that his appeal was timely filed. The provisions of this section of the Law are mandatory; the [Board] and its Referees have no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-

3

negligent conduct. Therefore, the [r]eferee properly dismissed [C]laimant's petition for appeal.

Bd. Op., 4/3/15, at 2. As a result, the Board determined Claimant's appeal was untimely under Section 501(e) of the Law. Claimant now petitions for review to this Court.

Initially, we note, in UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility, and weight afforded to evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Unchallenged findings are conclusive on appeal. Campbell v. Unemployment Comp. Bd. of Review, 694 A.2d 1167 (Pa. Cmwlth. 1997). In addition, we are bound by the Board's findings so long as the record, taken as a whole, contains substantial evidence to support them. Ductmate.

On appeal,[4] Claimant does not dispute that his appeal was untimely. He asserts that his wife received the notices at his primary residence and notified him because he was working out-of-state at that time, but he assumed the notices were issued in error as he had not filed for UC benefits in Pennsylvania in several years.

Section 501(e) of the Law states, as relevant:

---

[4] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth.), appeal denied, 97 A.3d 746 (Pa. 2014).

> Unless the claimant … files an appeal with the board, from the determination contained in any notice required to be furnished by the department … within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be … denied in accordance therewith.

43 P.S. §821(e).[5]  "The requirement that an appeal be filed within fifteen days is jurisdictional, precluding either the Board or a referee from further considering the matter." Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995) (citation omitted).  The time for taking an appeal cannot be extended as a matter of grace or mere indulgence.  Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

---

[5] Further, as the Board explained, Section 101.82(b) of its regulations states:

> (b) A party may file a written appeal by any of the following methods:
>
>> (1) *United States mail.* The filing date will be determined as follows:
>>
>>> (i) The date of the official [USPS] postmark on the envelope containing the appeal, a [USPS] Form 3817 (Certificate of Mailing) or a [USPS] certified mail receipt.
>>>
>>> (ii) If there is no official [USPS] postmark, [USPS] Form 3817 or [USPS] certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.
>>>
>>> (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it receives the appeal.

34 Pa. Code §101.82(b) (emphasis added).

5

However, the Board may consider an untimely appeal in limited circumstances. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008); Unemployment Comp. Bd. of Review v. Hart, 348 A.2d 497 (Pa. Cmwlth. 1975). The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. Roman-Hutchinson v. Unemployment Comp. Bd. of Review, 972 A.2d 1286 (Pa. Cmwlth. 2009).

A petitioner may satisfy this heavy burden in one of two ways. Hessou. First, he can show an administrative breakdown or fraud. Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Hessou. Second, he can show non-negligent conduct beyond his control caused the delay. Cook; Hessou. "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." Hessou, 942 A.2d at 198 (quoting United States Postal Serv. v. Unemployment Comp. Bd. of Review, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

Here, the Board made the following supported findings. On December 19, 2014, the notices were issued to Claimant. Bd. Op., Finding of Fact (F.F.) No. 1; Certified Record (C.R.), Item at #4. Copies of the notices were mailed to Claimant at his last known post office address on the same date. F.F. No. 2; C.R. at Item #4; C.R. at Item #10, Notes of Testimony (N.T.), at 3. The notices informed Claimant that January 5, 2015, was the last day on which to file a timely appeal. F.F. No. 3; C.R. at Item #4. Claimant's wife received the notices as Claimant was working in Nebraska at that time. F.F. No. 4; N.T. at 4. Claimant

filed his appeal by mail, but the envelope containing the appeal did not bear an official USPS postmark, USPS Service Form 3817, or a USPS certified mail receipt, or postage meter mark. F.F. No. 5; C.R. at Item #8 at 8; N.T. at 2, Service Center Ex. 8. The Department recorded the appeal as received on February 10, 2015, which was the stamped receipt date from the local service center. F.F. No. 6; C.R. at 8. There was no evidence that Claimant was misinformed or misled by the UC authorities regarding his right or the necessity to appeal. F.F. No. 7; N.T. at 1-5. Claimant does not challenge these findings; therefore, they are conclusive on appeal. Campbell.

In addition, in his brief to this Court, Claimant does not assert that his untimely appeal resulted from administrative breakdown or fraud or that non-negligent conduct beyond his control caused the delay. Further, although before the referee Claimant testified he mailed his appeal before the appeal deadline, the Board expressly discredited Claimant's testimony, "absent documentary evidence to support his testimony." Bd. Op. at 2. The Board found: "[C]laimant has not credibly established that his appeal was timely filed." Id. We cannot, nor will we, disturb the Board's credibility determination. Ductmate.

7

For the foregoing reasons, we affirm the Board's decision dismissing Claimant's appeal as untimely under Section 501(e) of the Law.[6]

_____
ROBERT SIMPSON, Judge

---

[6] Claimant also very briefly asserts the Department should have sent the notices of determination by certified mail, signature by addressee only; however, Claimant cites no Board regulation or provision of the Law that would require such service, and we are not aware of any such regulation or statutory provision.

Additionally, in his brief to this Court, Claimant largely focuses on the underlying merits of his appeal. However, because we agree with the Board that Claimant's initial appeal was untimely, we may not reach the underlying merits of Claimant's appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Howard P. Greenawalt,          :
              Petitioner     :
                            :
         v.              :   No. 788 C.D. 2015
                            :
Unemployment Compensation  :
Board of Review,            :
              Respondent  :

## O R D E R

**AND NOW**, this 14th day of December, 2015, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge