# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| La-Quana Wallace, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 240 C.D. 2016 |
| | : | Submitted: September 2, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: November 14, 2016**

La-Quana Wallace (Claimant), representing herself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision dismissing her appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]   Claimant currently argues her untimely appeal should be excused because her abusive ex-boyfriend withheld her mail.  Upon review, we affirm.

## I.  Background

Claimant worked as a certified nursing assistant on an as-needed basis for Select Medical Corporation (Employer) from December 16, 2014 until her last

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §821(e).

day of work on September 9, 2015.  After her separation from employment, Claimant applied for unemployment compensation (UC) benefits.  On September 25, 2015, the local service center denied Claimant benefits under Section 402(e) of the Law, 43 P.S. §802(e) (relating to willful misconduct).  On October 15, 2015, Claimant appealed, and a referee held a hearing.

At the hearing, the threshold issue was whether Claimant filed a timely appeal.  Referee's Op., 11/9/15, at 2.

The referee heard testimony from Claimant and two witnesses for Employer.[2]  Claimant testified she received and read the notice of determination (Determination) from the local service center, which listed the last date to appeal as October 13, 2015.  Referee's Hr'g, 11/5/15, Notes of Testimony (N.T.) at 6. Claimant acknowledged she mailed her appeal on October 15, 2015.  N.T. at 7. Claimant testified she did not mail her appeal until October 15, 2015 because she did not have a stamp, her car was not working, and, as a result, she did not have a way to get her appeal to the post office.  Id.

The referee made the following relevant findings.  On September 25, 2015, a Determination was issued disqualifying Claimant for UC benefits.  This Determination was mailed to Claimant's last known post office address on September 25, 2015.  Claimant received and read the Determination.  That Determination informed Claimant there were 15 days from the date of the Determination in which to file an appeal.  The referee also found Claimant filed

_____

[2] Neither Claimant nor Employer was represented by counsel at the hearing.

2

her appeal via United States mail with a postmark date of October 15, 2015. Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal. Referee's Op., Findings of Fact (F.F.) Nos. 1-6.

Ultimately, the referee determined Claimant did not file her appeal within the 15-day period after proper notification. The referee determined Claimant did not provide documentation to establish her arguments and rejected her testimony as self-serving and not credible. The referee concluded Claimant was ineligible under Section 501(e) of the Law, and he dismissed the appeal as untimely.

Claimant appealed to the Board. The Board adopted the referee's findings and conclusions in their entirety and affirmed. From this decision, Claimant now petitions for review.

## II. Issues

On appeal,[3] Claimant currently contends her appeal was untimely because her ex-boyfriend took and withheld her mail from her. Claimant also asserts Section 501(e) of the Law is not applicable because "43 P.S. 501(e) was repealed on November 9, 2015." Pet'r's Br. at §F.

---

[3] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

3

### III. Discussion

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in the evidence, witness credibility, and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Unchallenged findings are conclusive on appeal. Munski v. Unemployment Comp. Bd. of Review, 29 A.3d 133 (Pa. Cmwlth. 2011). We are bound by the Board's findings so long as the record, taken as a whole, contains substantial evidence to support them. Taylor v. Unemployment Comp. Bd. of Review, 378 A.2d 829 (Pa. 1977); Ductmate.

> Further, Section 501(e) of the Law provides, in relevant part:
>
> Unless the claimant ... files an appeal with the board, from the determination contained in any notice required to be furnished by the department ... within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be ... denied in accordance therewith.

43 P.S. §821(e). "The requirement that an appeal be filed within 15 days is jurisdictional, precluding either the Board or a referee from further considering the matter." Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995) (citation omitted). The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

The Board may consider an untimely appeal in limited circumstances. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008); Unemployment Comp. Bd. of Review v. Hart, 348 A.2d 497 (Pa. Cmwlth. 1975). The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. Roman-Hutchinson v. Unemployment Comp. Bd. of Review, 972 A.2d 1286 (Pa. Cmwlth. 2009).

A petitioner may satisfy this heavy burden in one of two ways. Hessou. First, she can show administrative breakdown or fraud. Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Hessou. Second, she can show non-negligent conduct beyond her control caused the delay. Cook; Hessou. "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." Hessou, 942 A.2d at 198 (quoting United States Postal Serv. v. Unemployment Comp. Bd. of Review, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

Here, the Board found the service center mailed a copy of the Determination to Claimant at her last-known post office address on the date the Determination was issued by the service center. F.F. Nos. 1-3; N.T. at 3; Certified Record (C.R.), Item No. 4, at 1. Claimant received and read the Determination, but she did not file an appeal by October 13, 2015, or within 15 days of the service center's September 25, 2015, Determination, as required by Section 501(e). F.F. Nos. 4-5; N.T. at 3, 6; C.R., Item No. 5 at 3. The Board also found Claimant was

not misinformed, nor in any way misled, regarding the right of appeal or her need to appeal.  F.F. No. 6.

At the hearing, Claimant testified her transportation and financial problems caused her late appeal.  N.T. at 7.  Other than her testimony, Claimant offered no evidence in support of her claim.  The fact-finder did not credit her testimony or attach much weight to this unsupported claim.  Referee's Op. at 2.  In fact, the Board expressly found "Claimant <u>did</u> <u>not</u> <u>provide</u> <u>any</u> documentation to establish her arguments."  <u>Id.</u> (emphasis added).  Such credibility determinations are beyond our review.  <u>See</u> <u>Ductmate</u>.  Thus, Claimant did not establish an adequate excuse for her late appeal.

The Board's findings are amply supported by the record, including Claimant's own testimony.  <u>See</u> N.T. at 6-7.  As a result, these findings are conclusive on appeal.  <u>Munski</u>.

To the extent Claimant asserts her abusive ex-boyfriend took and hid her mail from her, Claimant raises this allegation for the first time in her petition for review.  However, Claimant offered no evidence in support of this allegation at the hearing.  In fact, after Claimant testified her appeal was late based on financial and transportation issues, when asked if Claimant had anything else to add regarding her appeal, Claimant responded, "[n]o, not really."  N.T. at 7.  Claimant now simply alleges a new reason for her late filing in an attempt to challenge the Board's ultimate conclusion.  Because Claimant did not raise the issue before the referee or Board, it is waived.  <u>See</u> <u>Yost v. Unemployment Comp. Bd. of Review</u>,

6

42 A.3d 1158 (Pa. Cmwlth. 2012) (issues not raised before the referee or Board are waived).

In her brief to this Court, Claimant argues "43 P.S. 501(e) was repealed on November 9, 2015,"[4] and, therefore, is inapplicable to her. However, Claimant did not raise this issue below or in her petition for review to this Court. As such, it is also waived. See Morgan v. Unemployment Comp. Bd. of Review, 108 A.3d 181 (Pa. Cmwlth. 2015) (issues not raised in petition for review to this Court, but raised in a petitioner's brief, are waived); Yost.

In any event, Claimant's argument fails. Claimant confuses Section 501(e) of the Law with 43 P.S. §501(e). Once the General Assembly enacts a statute, the statute is sent to a publisher for printing. The official publisher for Pennsylvania statutes is Purdon's. The first page of every title of Purdon's Pennsylvania Statutes bears the following statement explaining discrepancies between the statutory section numbers assigned by the General Assembly and the Purdon's Pennsylvania Statutes section numbers assigned by the publisher:

> Pennsylvania legislation has been partially consolidated and codified as part of the program initiated by Act 1970, Nov. 25, P.L. 707, No. 230. Consequently, statutory sections are designated as either Pa. C.S.A. (Purdon's Pennsylvania Consolidated Statutes Annotated) under numbers assigned legislatively, or P.S. (Purdon's Pennsylvania Statutes Annotated) under numbers assigned by the publisher.

---

[4] Pet'r's Br. at §§F-G.

7

Purdon's, Pennsylvania Statutes and Consolidated Statutes Annotated, Title 43 at 1 (2009). Because the Law has not been consolidated by the General Assembly, the statutory section numbers assigned by the publisher controls the citation of the law. As such, 43 P.S. §501(e) is unrelated to Section 501(e) of the Law, found at 43 P.S. §821(e).

For these reasons, we affirm the order of the Board.

_____
ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

La-Quana Wallace,               :
                    Petitioner  :
                                :
        v.                      :    No. 240 C.D. 2016
                                :    Submitted: September 2, 2016
Unemployment Compensation       :
Board of Review,                :
                    Respondent  :

# **O R D E R**

AND NOW, this 14th day of November, 2016, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge