Bankers Life & Casualty, : 
                     Petitioner : 

                              : 
                v. :   No. 1590 C.D. 2018
                              :   SUBMITTED: June 6, 2019

Unemployment Compensation : 
Board of Review, : 
                    Respondent : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: June 27, 2019**


       Bankers Life & Casualty (Employer) petitions for review of the November 5, 2018 decision of the Unemployment Compensation (UC) Board of Review (Board) affirming a referee's decision holding that Employer's petition for appeal was untimely under section 501(e) of the Unemployment Compensation Law (Law).[1] We now reverse and remand.


### Facts and Procedural History

       On December 11, 2017, the Duquesne UC Service Center issued a notice of determination finding Joseph W. Zuiker (Claimant) eligible for benefits

---

[1] Section 501(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

under the Law.[2] (Finding of Fact No. 1.) The notice of determination was mailed to the parties' addresses of record and was not returned by the postal authorities. (Finding of Fact No. 2.) The notice of determination advised the parties that the last day to file an appeal was December 26, 2017. (Finding of Fact No. 3.) Counsel for Employer submitted an appeal via certified mail to the Duquesne UC Service Center, but the postal authorities returned the same on January 6, 2018, as undeliverable.[3] (Finding of Fact No. 4.) On January 31, 2018, counsel for Employer resubmitted the appeal correspondence via fax, and included a copy of the certified mail envelope that was returned as undeliverable. (Finding of Fact No. 5.) However, the postmark on the copy of the certified mail envelope was not readable. *Id.*

The referee subsequently scheduled and held a hearing regarding Employer's untimely appeal on February 26, 2018. At this hearing, Employer presented the testimony of William Weissman, the attorney for Employer who prepared and sent the original appeal to the Duquesne UC Service Center. Attorney Weissman testified that he sent the appeal on December 26, 2017, via certified mail with return receipt, to the address provided in the notice of determination, *i.e.*, 14 N. Linden Street, Duquesne, Pennsylvania 15110-1067. He stated that the postal authorities returned the appeal to his office on January 6, 2018, marked as undeliverable and unable to forward. Attorney Weissman indicated that he sent another petition for appeal, along with the original petition and a copy of the original envelope, via fax on January 31, 2018. While he acknowledged that the postmark on the copy of the original envelope was unreadable, he noted that his customary

---

[2] Section 402(h) of the Law, 43 P.S. §802(h), generally provides that an employee shall be ineligible for benefits for any week in which he is engaged in self-employment.

[3] Although returned as undeliverable, the address to which counsel for Employer sent the appeal was the correct address for the Duquesne UC Service Center as set forth in the notice of determination.

2

practice was to sign and mail letters on the same date, *i.e.*, the date reflected on the letter. (Notes of Testimony (N.T.), 2/26/2018, pp. 8-10; Reproduced Record (R.R.) at 75a-77a.)

Employer also presented the testimony of Joshua Ford, a branch sales manager for Employer. Mr. Ford testified that Claimant had originally worked for Employer as an independent contractor selling life insurance for approximately three weeks during October and November of 2017, at which time he resigned. During that time, Claimant did not receive wages but strictly worked for commissions. Mr. Ford proceeded to testify regarding the specific nature of Claimant's work with Employer in order to establish that Claimant was an independent contractor and engaged in self-employment. However, Mr. Ford indicated that Claimant was later hired as an employee, namely as a field trainer, on January 1, 2018. (N.T., 2/26/2018, pp. 10-18; R.R. at 77a-85a.)

On March 14, 2018, the referee issued her decision dismissing Employer's appeal as untimely. The referee noted that under section 501(e) of the Law, a party has fifteen calendar days to file an appeal with the Board. The referee also noted that section 101.82(b)(1) of the Board's regulations, 34 Pa. Code §101.82(b)(1), which addresses appeals filed by mail, provides that the filing date will be determined by the date of the official postmark on the envelope containing the appeal or the date of a postage meter mark. If no filing date can be determined by the postmark or postage meter mark, then the appeal will be deemed filed when it is received by the Board. While Attorney Weissman testified that he timely sent the appeal via certified mail on December 26, 2017, the referee stated that the copy of the envelope that was provided to support this assertion did not contain a readable date stamp.

3

Employer appealed to the Board, but the Board affirmed the referee's decision. In its decision, the Board noted that Employer attached a document to its appeal that was not part of the record below and asked that it be considered to show that its appeal was timely filed.[4] However, the Board refused to consider any extra-record evidence. The Board stated that Employer should have submitted this document at the referee's hearing for it to be considered. Further, the Board denied a request from Employer to remand the matter to the referee for a decision on the merits. Employer thereafter filed a petition for review with this Court.

## Discussion

On appeal,[5] Employer argues that the Board erred in affirming the referee's dismissal of its appeal as untimely given the uncontroverted testimony that it timely mailed the petition for appeal to the correct address, but the United States Postal Service, for unknown reasons, returned the mailing as undeliverable, and where Employer produced a clear copy of the original envelope with a postmark of December 26, 2017. For the following reasons, we agree with Employer.

Section 501(e) of the Law states,

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board from the determination contained in any notice required to be furnished . . . within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with

---

[4] This document was simply a clearer copy of the envelope that contained Employer's original appeal, with a visible and readable postage mark of December 26, 2017.

[5] Based upon the issue presented here, the scope of our review is limited to determining whether errors of law were committed.

4

respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e).

If an appeal is not filed within fifteen days of mailing, the referee and the Board lack jurisdiction to consider the matter, and the initial eligibility determination becomes final.[6] *Roman-Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009); *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993). We agree with the Board that Attorney Weissman's testimony, absent evidence of a

---

[6] In determining whether an appeal filed by mail is timely filed, we find guidance in section 101.82(b)(1) of the Board's regulations, which states,

> (1) *United States mail.* The filing date will be determined as follows:
>
> > (i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (Certificate of Mailing) or a United States Postal Service certified mail receipt.
> >
> > (ii) If there is no official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal Service certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.
> >
> > (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it receives the appeal.

34 Pa. Code §101.82(b)(1)(i)-(iii).

postmark or other postal service documentation of the mailing date, is insufficient to establish that the appeal was timely filed. That is not to say, however, that his undisputed testimony concerning his mailing of the document is of no significance. Rather, such testimony has probative value in determining whether to allow an appeal *nunc pro tunc*. As we have repeatedly noted, an appeal *nunc pro tunc* may be allowed "where a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to an appellant or [her] counsel or a third party." *Russo v. Unemployment Comp. Bd. of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010).

In the seminal case of *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979), our Supreme Court for the first time extended the allowance of a *nunc pro tunc* appeal to a situation involving the non-negligent failure of counsel to file a timely appeal. In that case, the client, Shirley Bass, had decided to appeal this Court's dismissal of the Commissioner of the Bureau of Corrections from a trespass suit she filed against multiple parties after her husband was killed by an inmate who absconded during a weekend furlough from then-Graterford Prison. Ms. Bass communicated her decision to counsel, who prepared the necessary appeal papers for filing six days prior to the appeal deadline. However, on that day, the secretary for counsel became ill and missed the entire next week. During that time, the appeal papers sat in a folder along with other filings on the corner of the secretary's desk. When the secretary returned to work, she discovered the folder, advised counsel, and he prepared a petition for permission to file the appeal *nunc pro tunc*. Our Supreme Court ultimately granted this petition, noting that the client should not suffer because of the non-negligent conduct of her counsel. The Court emphasized that the "non-negligent failure to file a timely appeal . . . was corrected within a very short time,

6

during which any prejudice to the other side of the controversy would necessarily be minimal." *Id.* at 1135-36.

Our Supreme Court later expanded the allowance of a *nunc pro tunc* appeal to situations involving the non-negligent conduct of the party himself in *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130 (Pa. 1996). In that case, the claimant had scheduled a meeting with an attorney to discuss an appeal from a referee's denial of unemployment compensation benefits but, two days prior to that meeting, the claimant collapsed and was hospitalized. The claimant was released from the hospital one day after the time for appeal had expired and filed his appeal three days after his release. The referee dismissed the appeal as untimely, and both the Board and this Court affirmed. Our Supreme Court, however, reversed, explaining,

> We believe a better statement of the rule in *Bass* is that where an appeal is not timely because of *non-negligent circumstances, either as they relate to appellant or his counsel*, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

*Id.* at 1131 (emphasis added).

At the hearing before the referee,[7] Employer presented uncontroverted testimony from Attorney Weissman that he sent the appeal on December 26, 2017, via certified mail with return receipt, to the address provided in the notice of determination. Attorney Weissman noted that his customary practice was to sign and mail letters on the same date, *i.e.*, the date reflected on the letter. In this case, the record reflects that the letter accompanying the original appeal was dated

---

[7] Claimant declined to participate in the referee's hearing.

7

December 26, 2017. Additionally, the copy of the original envelope submitted at the referee's hearing confirms that it was mailed to the correct address of the Duquesne UC Service Center as set forth in the notice of determination. For unknown reasons unrelated to the conduct of Employer or Attorney Weissman, the postal authorities returned the appeal on January 6, 2018, marked as undeliverable and unable to forward. Shortly thereafter, on January 31, 2018, Attorney Weissman faxed another petition for appeal, along with the original petition and a copy of the original envelope. Further, the Board has never suggested that, let alone how, it would be prejudiced by allowing the appeal to proceed *nunc pro tunc*.

### Conclusion

We must conclude that Attorney Weissman's uncontroverted testimony, along with the documentation which he produced, while insufficient under the law to prove timely mailing, did establish that an administrative breakdown by the postal service caused the untimely appeal, and satisfies all the necessary elements to permit the filing of the appeal *nunc pro tunc*.

Accordingly, the order of the Board is reversed. The matter is remanded to the Board, with specific instruction to remand to the referee, for consideration of the merits of Employer's appeal *nunc pro tunc*.

 

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bankers Life & Casualty, : 
                Petitioner : 
                   : 
              v. : No. 1590 C.D. 2018
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

# **O R D E R**

AND NOW, this 27th day of June, 2019, the order of the Unemployment Compensation Board of Review (Board), dated November 5, 2018, is hereby reversed. The matter is remanded to the Board, with specific instruction to remand to the referee, for consideration of the merits of the appeal of Bankers Life & Casualty *nunc pro tunc*.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge