IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara J. Anderson,                          :
                  Petitioner                :
                                  :
          v.                                  :    No.  932 C.D. 2021
                                  :
Unemployment Compensation             :    Submitted:  June 24, 2022
Board of Review,                             :
                  Respondent                :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: August 29, 2022


Barbara J. Anderson (Claimant) petitions for review of the adjudication of the Unemployment Compensation (UC) Board of Review (Board) affirming the Referee's Decision/Order dated July 27, 2021, dismissing her appeal as untimely under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law).[1]  For the following reasons, we affirm.

### Facts and Procedural History

Claimant filed an application for UC benefits on March 22, 2020.  The UC Service Center issued four Notices of Determination (determinations) with a mailing date of November 18, 2020, finding Claimant ineligible for benefits pursuant to Section 401(c) of the Law, assessing a non-fault overpayment pursuant to Section

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(c).

804(b),[2] denying Federal Pandemic Unemployment Compensation (FPUC) benefits pursuant to Section 2104(b)(1) of the CARES Act,[3] and assessing a non-fraud overpayment pursuant to Section 2104(f) of the CARES Act. (Finding of Fact (F.F.) 1; Reproduced Record (R.R.) at 5a-8a.) The determinations were mailed to Claimant's last known postal address. (F.F. 2; R.R. at 1a-3a., 5a-8a; Certified Record (C.R.) at 84.) The determinations were not returned by the postal authorities as being undeliverable. (F.F. 3; R.R. at 1a-3a.) The determinations informed Claimant that she had 15 days from the mailing date in which to file an appeal if she disagreed with the decisions; the last date on which a valid appeal could be filed was December 3, 2020. (F.F. 4; R.R. at 5a-8a.) Claimant filed an appeal on February 15, 2021, 62 days after the 15-day deadline, and a referee hearing was scheduled to address the same. (F.F. 5; R.R. at 9a-11a; C.R. at 55-80.)

### Hearing before the Referee

A referee hearing was held on March 31, 2022 at which time Claimant testified and her employer, Performance Group, LLC, (Employer) had one witness, Sophine Grayson. At the start of the hearing, Referee Melissa Shiel (Referee) explained that the issue was whether Claimant complied with Section 501(e) of the Law, which provides an appeal must be filed within 15 days of the issuance of a determination for the appeal to be considered timely. She advised the parties that "failure to comply with that requirement will result in the determination becoming final and binding, and in those cases [she does] not have the jurisdiction or authority to address the issue that was intended to be appealed." (C.R. at 84.) When the Referee

---

[2] 43 P.S. § 874(b).
[3] Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281 §2104(b)(1).

questioned Claimant about why her appeal was not filed within the 15-day deadline, Claimant responded as follows:

> R [Referee] …Well, my question is when did you receive these determinations? That's my question. They were dated November 18th. When did you get them?
>
> C [Claimant] **I have no idea when [inaudible] I got them.**
>
> R [Referee] Why did you wait until February 15th, 2021 to file your Appeal?
>
> C [Claimant] **Because I do not understand anything at all about unemployment. My sister who took my claim for me, March 20th [sic] and they started sending me the checks at your thing as an overpayment and then in May I was collecting unemployment because that would have been my time off the cycle.**
>
> R [Referee] Okay, but this has to do [sic] whether or not you filed an Appeal on time, Ms. Anderson, and that's why I'm asking those questions. Did you receive the Determinations that were dated November 18th?
>
> C [Claimant] **I can't swear to it. I'm not going to say at all.**
>
> R [Referee] And what's the reason that you waited -- that you didn't file the Appeal by December 3rd? Why did you wait until February 15th to file the Appeal?
>
> C [Claimant] **You're throwing dates at me, and I'm not sure when I did what or when I didn't do.**
>
> R [Referee] That's the issue in front of me has to do with those dates, Ms. Anderson. That's why I'm asking about those dates.
>
> C [Claimant] **I know I received paperwork. I don't know if I received a Notice of Appeal. I did get an overpayment and the thing here. And let me see what else I got. I got the – number three it says I got a Notice of – let's see, what is it, Determination Pension.**
>
> R [Referee] Right, this is the determination that the [Pennsylvania] Department [of Labor & Industry, Office of Unemployment Compensation Benefits (Department)] denied

3

benefits under Section 401(c) of the Law stating that you were ineligible for benefits for failure to provide requested information.

C [Claimant] Hey, Phil, did all of this paperwork come together back then or no?

R [Referee] Ms. Anderson, they're dated November 18th. That's what I have in front of me and that's why I'm asking the questions that I'm asking. I don't work for the Service Center. I work for the Board....So the Department provided the evidence that the Determinations were mailed November 18th, that you had until December 3rd to file your Appeal, so I'm asking you why you didn't file your Appeal by December 3rd. Why did you wait until February 15th?

C [Claimant] **Because I do not understand this stuff. That's why I acquired two different people to help me.**

R [Referee] Okay. Any....

C [Claimant] [Inaudible]

R [Referee] Well, you don't have to file an Appeal by a computer.

C [Claimant] **Well, I don't know anything about filing Appeals about anything to be honest with you. I'm sorry, I'm old school.**

R [Referee] Okay, but the issue in front of me that is -- that I have to address first before the overpayment and the denial of benefits is why you didn't file on time, so that is something that is strictly followed, is that 15-day rule, law.

C [Claimant] **The one well you sent when I got the received the information that I was overpaid [sic]. It said you will be held responsible because of the non-fault on my part, and that's why I didn't do anything else after that. The next time I did something was when I went to see our HR representative and asked for her help because I have no clue what's going on.**

R [Referee] Okay. Anything else, Ms. Anderson?

C [Claimant] Not that I can think of.

4

(C.R. at 89-91.) (emphasis added.)

The Referee determined that Claimant received the determinations but failed to timely file an appeal within the mandatory 15-day timeframe. (F.F. 5; C.R. at 96.) She further found that Claimant was not misinformed in any way or misled regarding the right of appeal or the need to appeal, therefore, Claimant's Petition for Appeal was dismissed by decision and order dated April 5, 2021. (F.F. 6; C.R. at 96.) On April 16, 2021, Claimant filed a timely appeal from the Decision/Order of the Referee to the Board.

### Claimant's Appeal to the Board

Upon review of the record, the Board determined that "Claimant failed to establish a sufficient reason to treat her appeal as timely." (Board's Order; C.R. at 106.) It further determined that her "subjective misunderstanding or confusion related to straightforward appeal language in an unemployment compensation notice is not a legitimate reason for the enlargement of time to appeal." *Id.* The Board concluded the Referee's finding that Claimant's appeal was untimely was sound under the Law; therefore, it adopted and incorporated the same into its decision dated July 27, 2021.[4] Claimant now appeals to this Court.

### Discussion

### A. Claimant's Entitlement to *Nunc Pro Tunc* Relief

On appeal, Claimant contends she did not receive the Notices of Determination, thus constituting good cause for the late appeal. However, as the Board

---

[4] The Board added to the Referee's Findings of Fact 1 that the determinations not only disqualified Claimant from receiving UC benefits, but they assessed her an overpayment as well.

5

notes, Claimant relies on one line in the transcript without taking into consideration the entirety of her testimony.[5]

Section 501(e) of the Law provides for 15 days to file an appeal from a determination issued by the Department. *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993).[6] "[F]ailure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Id*. This 15-day time limit is mandatory so if an appeal is not timely filed within the specified time period, the determination becomes final, and "the Board does not have the requisite jurisdiction to consider the matter." *Autry v. Unemployment Compensation Board of Review*, 271 A.3d 544 (Pa. Cmwlth. 2021) (unpublished table decision) (citing *Shea v. Unemployment Compensation Board of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006)).

An appeal *nunc pro tunc* may be allowed when there is (1) fraud or some breakdown in the administrative authority's operation; (2) non-negligent conduct of an attorney or his staff; or (3) non-negligent conduct of the claimant. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197 (Pa. Cmwlth. 2008). The non-negligent standard means conduct that is beyond the control of the claimant. *Id.* at 198. Simply stating that the notice was not received is not a sufficient

---

[5] This Court's standard of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial competent evidence. *Cummins v. Unemployment Compensation Board of Review*, 207 A.3d 990, 997 n.4 (Pa. Cmwlth. 2019). Further, where, as here, a petitioner fails to challenge the Board's factual findings, they are conclusive on appeal. *Gibson v. Unemployment Compensation Board of Review*, 760 A.2d 492 (Pa. Cmwlth. 2000).

[6] *See also* 34 Pa. Code §101.82(a). (An appeal shall be filed "on or before the 15[th] day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him at his last known post office address").

reason for extending the time for filing an appeal. *ATM Corp. of Am. v. Unemployment Compensation Board of Review*, 892 A.2d 859, 864 (Pa. Cmwlth. 2006).

On November 18, 2020, the Department mailed four determinations to Claimant.[7] As the Board found and this Court now agrees, Claimant's testimony in its entirety shows that she received a pension determination and an overpayment determination, which she understood to be non-fault and her responsibility, and that she did not "do anything after that" because she does not "understand this stuff." The record here, including the testimony of Claimant, supports the Board's finding that Claimant received the notices and filed an untimely appeal. Claimant has not offered any evidence or basis for this Court to find the Board abused its discretion.

Claimant argues that "[she] also file[d] appeal [sic] for 11-18-20 due to never receiving a determination" (R.R. at 10a), but as the Board found, Claimant's testimony did not establish that she did not receive the determinations.[8] Claimant

---

[7] Claimant argues that the Claim Record notes the mailing date of the determinations as November 17, 2020, instead of November 18, 2020, thus calling into question whether the determinations were mailed at all. (Claimant's Brief at 12.) However, proof of mailing is only required "in the face of a challenge." *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1193 (Pa. Cmwlth. 2016). At no point during the Referee hearing or in her appeal to the Board did Claimant assert that the determinations were not mailed. Claimant raises this argument for the first time on appeal to this Court and, therefore, it is waived. Nevertheless, the Claim Record shows in the far-right column under "Determinations and Appeals" that the determinations were mailed on "201118" or November 18, 2020. (C.R. at 5.) Thus, there is a subsequent notation in the file indicating that the notices were, in fact, mailed, raising the presumption of receipt. *See Douglas*.

[8] Claimant also asserts that her reporting of the vacation pay to the Service Center on December 15, 2020, proves that she did not receive the determinations because if she had, she would not have done this. (Claimant's Brief at 11.) However, we agree with the Board that

"Claimant testified several times that she was confused and did not know what she was doing. Therefore, she may have reported vacation pay regardless of the ineligible determinations. She also maybe reported the vacation pay hoping the determinations would be subsequently reversed either on appeal or when she provided the requested information. Such inferences are for the Board to make, but

**(Footnote continued on next page…)**

contends that *Barsky v. Unemployment Compensation Board of Review*, 261 A.3d 1112 (Pa. Cmwlth. 2021), entitles her to *nunc pro tunc* relief.  (Claimant's Brief at 16-18.) In *Barsky*, the claimant mailed her appeal on June 2, 2020, the final day to appeal the determination, and the Service Center received the appeal on June 4, 2020.  Because the claimant's appeal lacked a postmark or meter mark, the referee determined the claimant's appeal was untimely pursuant to Section 101.82 of the Board's regulations, 34 Pa. Code § 101.82, as the date of the appeal is determined by the date the appeal is received.  *Id*.  This Court noted that "Section 101.82 of the Board's regulations 'does not recognize placing an appeal in the mail as the initiation of the appeal'; rather, Section 101.82 places significance on the date of the postmark, meter mark, USPS Form 3817, or certified mail receipt, and, in their absence, the date the appeal is received by the Board." *Id.* at 1118.

  *Barsky* is clearly distinguishable from the case at hand.  Before the Referee, Claimant testified that she did not file an appeal until February 2021 because she did not understand what she was receiving.  Not only is this distinguishable from *Barsky*, but it is insufficient cause for a late appeal.  *Williamson v. Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driving Licensing*, 129 A.3d 597, 602 (Pa. Cmwlth. 2015) (holding licensee's subjective misunderstanding/confusion regarding the appeal language in the Bureau's notice of suspension cannot by itself justify an extension of the statutory appeal period).  For these reasons, we discern no error by the Board in dismissing Claimant's appeal as untimely.

---

   it did not." Claimant's reliance on Employer's testimony that it did not receive the determinations is likewise misplaced.

(Claimant's Brief at 14.)  However, as noted by the Board, it could have made the inference from Employer's testimony that the determinations were not mailed, but it did not. Instead, it accepted Claimant's testimony that she received the determinations but did not know what to do with them.

Accordingly, the Board's decision is affirmed.

_____

PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara J. Anderson,            :
          Petitioner       :
                              :
      v.                   :   No. 932 C.D. 2021
                              :
Unemployment Compensation  :
Board of Review,               :
          Respondent    :

## *__ORDER__*

AND NOW, this 29th day of August, 2022, the decision of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge