IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Brian Corcoran, | : **CASES CONSOLIDATED** |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 1111 C.D. 2024 |
| | : No. 1112 C.D. 2024 |
| Unemployment Compensation | : Submitted: November 6, 2025 |
| Board of Review, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED:  January 8, 2026

       Brian Corcoran (Claimant) petitions, *pro se*, for review of the Unemployment Compensation Board of Review's (Board) July 31, 2024 Orders that determined Claimant's appeals were untimely. The Board, agreeing with the Referee below, concluded that there was no evidence to justify the appeals being filed beyond the 21-day deadline. We are constrained to affirm.

       Claimant filed for unemployment compensation benefits effective May 15, 2022. Referee's Decisions, 5/7/2024, at Finding of Fact (F.F.) No. 1. However, in two separate Determinations dated February 14, 2024, the Claimant was (1) denied unemployment compensation benefits due to leaving work "because of personal or other reasons" and (2) received $13,273.00 in unemployment compensation benefits he was not entitled to receive. Referee's Decisions at F.F.

No. 3. The Determinations were sent by mail and electronically to Claimant, informing him that he had 21 days, or until March 6, 2024, to file an appeal. *Id*. at F.F. Nos. 4-6. The Determinations also included thorough instructions for completing an appeal. *See* Certified Record (C.R.) at 27, 129.

The claim file indicates that Claimant filed his appeals eight days after the deadline on March 14, 2024. To this end, the Referee held a hearing on May 6, 2024. Concerning the timeliness of his appeals, Claimant acknowledged that he received notice of the Determinations by mail in February 2024. Referee's Hearing, 5/6/2024 at 8-9. Claimant initially insisted, in what appears to be good faith, that he filed a timely appeals of the Determinations by fax before the end of February. *Id*., N.T. at 10-12. But, upon review of the documentation in his possession, Claimant recognized that he filed his appeals through the portal on March 14, 2024, after discussing some technical difficulties with a representative from the UC Service Center. *Id*., N.T. at 12-13.

In two substantially identical Decisions dated May 7, 2024, the Referee concluded that Claimant's appeals were untimely and that Claimant was neither misinformed nor misled "regarding the right of appeal or the need to appeal." Referee's Decisions at F.F. Nos. 7-8. Claimant then appealed the Referee's Decisions to the Board. For its part, the Board issued substantially identical Orders adopting the Referee's Findings of Fact and affirming the Referee's Decision on July 31, 2024. Relevant here, the Board reasoned:

> [C]laimant failed to establish a sufficient reason to treat his appeal[s] as timely. At the hearing, [C]laimant first testified that he thought he appealed timely by fax, but later admitted that he was actually "a little bit late" in appealing online and apologized for being late. Though [C]laimant testified that he had some ambiguous and undefined "trouble with the portal," [C]laimant has not

2

> proven any outages. Furthermore, there were other methods of appeal if his preference was not Internet.

Board's 7/31/2024 Orders, C.R. at 232. Claimant subsequently filed the instant Petition for Review in this Court.[1]

Before this Court,[2] Claimant asserts that he is entitled to *nunc pro tunc* relief because the Department of Labor and Industry (Department) afforded him improper notice of the Referee's Hearing as he was given notice via e-mail rather than postal notice. Claimant's Brief at 3-6. Claimant therefore believes that he should not lose his unemployment compensation benefits due to the Department's own error. *Id*.

Section 501(e) of the Unemployment Compensation Law[3] provides:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice . . . no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e).

---

[1] As we observed in our October 7, 2024 order, the Referee "held a single hearing on [Claimant's] appeal, that the [R]eferee issued substantially the same decision concluding that [Claimant's] appeals were untimely, and the Board issues nearly identical adjudications affirming the referee." *See* Commonwealth Court 10/7/2024 Order. Thus, we have consolidated the matters. *Id*.

[2] Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *see also U.S. Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 n.2 (Pa. Cmwlth. 1993).

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

Thus, "[i]f an appeal from a determination . . . is not filed within [21] days of its mailing, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter." *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996); *see also DiBello v. Unemployment Compensation Board of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018) (Even one day's delay beyond the statutory appeal period is grounds for dismissal.). However, the Board may consider an untimely appeal *nunc pro tunc* if the claimant overcomes the "heavy burden" of demonstrating: (1) the appeal was untimely due to an administrative breakdown that involved fraudulent, wrongful, or negligent conduct; or (2) the appeal was untimely because of non-negligent conduct beyond Claimant's control. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008); *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

Here, Claimant does not dispute that his appeals of the UC Service Center's Determinations were facially untimely. *See* Referee's 5/6/23 Hearing, N.T. at 13. We do not agree with Claimant, however, that he is entitled to *nunc pro tunc* relief. First, whether the Department afforded Claimant proper notice of the Referee's Hearing on May 6, 2024, is irrelevant to the issue of whether Claimant filed timely appeals of the UC Service Center's February 14, 2024 Determinations – after all, it is the initiation of an appeal that begets a notice of hearing. *See, e.g.*, 34 Pa. Code §§101.81-101.85. Still, Claimant's argument is somewhat perplexing given that the Department did, in fact, provide notice of the hearing by postal mail, *see* C.R. at 169, and Claimant himself appeared and testified at the hearing. To the extent that Claimant may have mistakenly referred to the UC Service Center's Determinations as notices of the Referee's hearing, the Determinations themselves

4

indicate a mailing date and address, *see* C.R. at 38, and Claimant's own testimony indicates that he received the Determinations by mail.[4] Referee's 5/6/23 Hearing, N.T. at 8-9. Because Claimant has not carried the heavy burden of demonstrating that his appeals were delayed by administrative breakdown or non-negligent circumstances beyond his control, we must conclude that neither the Board nor Referee erred in dismissing Claimant's appeals below.

Accordingly, the Board's orders are affirmed.

MICHAEL H. WOJCIK, Judge

---

[4] While not directly at issue on appeal, Claimant alluded to facing "trouble with the portal" at the Referee's Hearing. There is no evidence showing that there was an outage, technological error, or system error that would suggest that the error lies with the UC Claims System. Referee's 5/6/23 Hearing, N.T. at 13; 34 Pa. Code §101.82(b)(4.1)(ii). Instead, Claimant said that when he was experiencing issues accessing the portal, he spoke to someone – presumably from the Service Center – and she guided him through filing an appeal. There is no evidence of when exactly Claimant placed this call to the Service Center or that a timely appeal was filed via another acceptable method. *See* 34 Pa. Code §101.82(b). Thus, we cannot conclude that Claimant has demonstrated circumstances warranting *nunc pro tunc* relief.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brian Corcoran, | : | **CASES CONSOLIDATED** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1111 C.D. 2024 |
| | : | No. 1112 C.D. 2024 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this <u>8</u>th day of <u>January</u>, 2026, the July 31, 2024 Orders of the Unemployment Compensation Board of Review are **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge